FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2019 FEB 28 PM 12: 17
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES V. KROUSE                *

    Plaintiff,                *

v.                             *     Civil Action No. RDB-18-1838

JOHNS HOPKINS                  *
HEALTHCARE LLC, et al.
                               *
    Defendants.
\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM & ORDER**

Plaintiff, James V. Krouse ("Krouse"), filed this lawsuit on June 20, 2018 against his former employer, Johns Hopkins HealthCare LLC ("JH HealthCare") and The Johns Hopkins Health System Corporation ("JH Health System") (collectively, "Defendants") for alleged violations of the Family Medical Leave Act ("FMLA), 29 U.S.C § 2601 *et seq.* (Compl., ECF No. 1.) On August 29, 2018, before Defendants had filed their Answer, Krouse filed an Amended Complaint (ECF No. 18). On August 30, 2018, the parties filed a Joint Status Report (ECF No. 22) in which Krouse's counsel stated an intention to file a Motion for Leave to File a Second Amended Complaint once Krouse received a Right to Sue from the United States Equal Employment Opportunity Commission ("EEOC"). In anticipation of the motion, this Court ordered this case STAYED pending the amendment and Defendants' timely response. (ECF No. 24.)[1]

---

[1] The stay was subsequently lifted on December 11, 2018 based on the Joint Scheduling Order (ECF No. 31) issued on November 13, 2018 by this Court. (ECF No. 34, Magistrate J. Gallagher.)

As anticipated, after receiving the right to sue from the EEOC on October 2, 2018, Krouse filed a Motion for Leave to File Second Amended Complaint (ECF No. 26) on October 9, 2018, seeking to add claims under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the Rehabilitation Act, 29 U.S.C. § 791 *et seq.* Defendants oppose Krouse's motion (ECF No. 28), so Krouse's pleading may be amended only with this Court's leave. *See* Fed. R. Civ. P. 15(a)(2). For the reasons that follow, this Court shall GRANT the Motion for Leave to File Second Amended Complaint (ECF No. 26).

The Federal Rules provide that a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Court of Appeals for the Fourth Circuit has "interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the party of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006 (quoting *Johnson v. Oroweat Foods Co.*, 785 F.3d 503, 509 (4th Cir. 1986)). In this case, Defendants assert that permitting Krouse to amend his First Amended Complaint would be futile because his ADA claims are time-barred. (ECF No. 28 at 7.) Defendants argue that Krouse did not timely file a charge with the EEOC, which is a condition precedent to an ADA claim. (*Id.* citing 42 U.S.C. § 12117(a)).

The general rule with regard to exhaustion under ADA Title I,[2] requires the aggrieved person to file a charge with the EEOC within 180 days of the alleged discrimination, but in a

---

[2] ADA Title I adopts the administrative exhaustion requirement found in Title VII of the Civil Rights Act of 1964 ("Title VII"), codified, as amended, at 42 U.S.C. §§ 2000e-5 *et seq.* This requires an employee to file an administrative charge of discrimination before proceeding to federal court. *See* 42 U.S.C. § 12117(a); *see also Sydnor v. Fairfax Cty., Va.*, 681 F.3d 591, 593 (4th Cir. 2012).

"deferral" jurisdiction, the period is 300 days. *See* 42 U.S.C. § 200e-5(e)(1); *Edelman v. Lynchburg Coll.*, 300 F.3d 400, 404 & n.3 (4th Cir. 2002). A deferral jurisdiction is a state, such as Maryland,[3] that has a law prohibiting employment discrimination on the same bases covered by the federal statutes and authorizing a state or local agency to grant or seek relief from such discrimination. *See* 42 U.S.C. § 2000e–5(c), (d); *see, e.g., Edelman*, 300 F.3d at 404 & n.3; *Prelich v. Med. Res., Inc.*, 813 F. Supp. 2d 654, 661-62 (D. Md. 2011).

Maryland's agency also enjoys a worksharing agreement with the EEOC, "by which a claim filed before one commission is effectively filed before both." *Valderrama v. Honeywell Tech. Solutions, Inc.*, 473 F. Supp. 2d 658, 662 n. 4 (D. Md. 2007); *see E.E.O.C. v. Techalloy Maryland, Inc.*, 894 F.2d 676, 677-78 (4th Cir. 1990). Importantly, under the worksharing agreement, "to facilitate early resolution of charges, [the Maryland agency] gave primary responsibility to EEOC to process all charges filed between 180 and 300 days of the alleged discrimination and waived its exclusive rights to specific periods of initial processing which have been granted to [the Maryland agency] by Title VII." *Techalloy*, 894 F.2d at 678 (citing *E.E.O.C. v. Commercial Office Prods. Co.*, 486 U.S. 107 (1988)). *See also Bennett v. St. Mary's Cty. Sheriff's Dept.*, 2000 WL 1144600, at *1 (4th Cir. 2000). Therefore, if Krouse's charge was filed within 300 days of the alleged discrimination with both the Maryland agency and the EEOC, it is timely filed.

---

[3] Maryland is a deferral state under Title VII; the Maryland Commission on Civil Rights, formerly known as the Maryland Commission on Human Relations, is the applicable state enforcement agency. 29 C.F.R. § 1601.74 (listing qualifying state enforcement agencies); *Prelich*, 813 F. Supp. 2d at 661; *see also EEOC v. R & R Ventures*, 244 F.3d 334, 338 n.* (4th Cir. 2001).

Krouse dated the charge on April 2, 2018, and it was stamped received by the EEOC on April 3, 2018. (ECF No. 28-1.) A charge is considered filed under the ADA and Title VII when the EEOC receives it, not when the claimant mails it. *See DeLeon v. Gen. Insulation, Inc.*, 575 F. App'x 292, 293 (5th Cir. 2014) (citing *Taylor v. Gen. Telephone Co. of the Southwest*, 759 F.2d 437, 442 (5th Cir. 1985)). Three hundred days prior to April 3, 2018 is June 7, 2017.

Krouse was terminated effective June 6, 2017. (Am. Compl., ECF No. 18 at ¶¶ 11, 109.) Defendants informed Krouse by letter, mailed on June 7, 2017. (*Id.*; *see also* Answer, ECF No. 25 at ¶ 11.) The limitations period begins when Krouse received notice of the termination. *See Hospodor v. Burlington Indus., Inc.*, 2000 WL 203933, at *1 (4th Cir. 2000) (citing *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981) and *Delaware State College v. Ricks*, 449 U.S. 250, 258 (1980)). Therefore, the charge was timely filed even if Krouse received the letter on the day it was mailed. Further, the letter is rebuttably presumed to have reached Krouse on June 10, 2017, under Fed. R. Civ. P. 6(d),[4] leaving no doubt that the charge was timely filed.

Under the circumstances of this case, there is no prejudice to Defendants, Krouse has acted expeditiously, and there is good cause to allow the filing of the Second Amended Complaint. Accordingly, IT IS HEREBY ORDERED, this 28th day of February 2019, that the Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 26) is GRANTED.

*/s/ Richard D. Bennett*
Richard D. Bennett
United States District Judge

---

[4] "When a party may or must act within a specified time after being served and service is made [by mail], 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d). *See also Davis v. FedEx Ground Package Sys.*, 2017 WL 1239594, at *3 (E.D.N.Y. 2017) (referring to the rebuttable presumption of the 3-day mail rule in a Title VII context).

4